CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 19 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| QUINCY M. BOWLES,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 6:04-CV-00035<br>) |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | ) By: Michael F. Urbanski<br>) United States Magistrate Judge<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Quincy M. Bowles ("Bowles") brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and Social Security Income ("SSI") under Title II and XIV of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Having reviewed the record and after briefing and oral argument, it is recommended that the Commissioner's motion for summary judgment be granted.

In reaching his decision, the administrative law judge ("ALJ") relied on statements by petitioner's treating physician that he was capable of doing sedentary work. Since the time of the ALJ's decision, however, plaintiff submitted two brief notes written by his treating physician on prescription pads asserting that plaintiff is disabled and will remain so for more than one year. The treating physician's new handwritten notes are unaccompanied by any clinical observation or medical tests and are inconsistent with the other new medical records provided by plaintiff which describe plaintiff's back condition as "stable" or "unchanged." Lacking sufficient objective support, there is no possibility that these scant notes could change the outcome of the

Commissioner's decision. Therefore, it is the recommendation of the undersigned that defendant's motion for summary judgment be granted.

## STANDARD OF REVIEW

The court's review is limited to a determination as to whether there is a substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan; 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## FACTUAL AND ADMINISTRATIVE HISTORY

The issue in this case is a familiar one concerning supplemental evidence submitted to, but not substantively commented on, by the Appeals Council. The first question presented is whether the Appeals Council acted properly in not explaining its consideration of two notes submitted after the initial hearing in this case from plaintiff's treating physician written on a prescription pad which conclude that plaintiff was disabled. The second question is whether there is a reasonable probability that the two notes would have changed the outcome of the Commissioner's decision. Wilkins v. Secretary, Dept. of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc).

2

In the Administrative Law Judge's ("ALJ's") March 28, 2003 decision, the ALJ accorded "great weight" to the testimony of Dr. Wilder, plaintiff's treating physician, who opined that plaintiff could work at a sedentary level. (Administrative Record, hereinafter "R.," at 30, 311.)

Following the ALJ's decision, however, plaintiff submitted certain new medical evidence, including two abbreviated notes from Dr. Wilder dated June 2, 2003, and October 15, 2003, indicating that plaintiff was totally disabled and would likely remain so for at least a year and possibly permanently. (R. 469-70) The first note, dated June 2, 2003, is on a prescription pad and signed by Dr. Wilder. (R. 469) It states that "patient is under physician's care for lumbar discogenic pain. He is considered totally disabled at this time. Anticipate disability minimum 1 year. May be permanent." (R. 469) The second note, dated October 15, 2003, is also from Dr. Wilder. (R. 470) It states "Pt under physician's care. He remains totally disabled." (R. 470)

These notes are accompanied by a variety of new medical records from Dr. Wilder also not considered by the ALJ as they all post-date his decision. (R. 471-507) The first, dated April 7, 2003, states that plaintiff is "stable," and that the carpal tunnel splint helps when plaintiff wears it. (R. 471-72) A second record, dated April 15, 2003, states that plaintiff continues to have low-back pain "without change." (R. 473) A third record, dated May 16, 2003 says similar things, including that the patient feels "the same." (R. 475) A fourth record, dated June 2, 2003, states that plaintiff's left hand is "a bit improved" and that he continues to have "stable symptoms" regarding his back. (R. 477) A fifth record, dated July 11, 2003, states that plaintiff's lower-back pain is stable, and that he has had continued improvement relative to his arm pain. (R. 479) A record dated August 15, 2003 discusses paraesthesias in his feet which arise when plaintiff sits on the commode for more than ten minutes, but also indicates that

3

plaintiff's other conditions are either stable or improved. (R. 481) The next records are from the UVA urology clinic and discuss pressure and pain plaintiff has during urination. (R. 483) For this condition, plaintiff was given a prescription. (R. 483) Further records from October 15, 2003 indicate that although plaintiff's lower back pain and pain in his hands remain stable, his knee occasionally gives out when he walks up stairs. (R. 484) The records indicate that plaintiff was directed to wear a knee brace. (R. 484) Plaintiff next presents lab tests occurring when he had a cough and fever. (R. 486) These records indicate plaintiff's chest was "normal." (R. 486)

Several progress notes for psychology treatment follow. The first, dated March 27, 2003, and signed by Andrew J. Cook, Ph.D., Clinical Psychologist, indicates that plaintiff is suffering from "major depression and sleep disturbance associated with chronic low back pain disorder." (R. 506) Plaintiff and the doctor discussed his concerns regarding his disability hearing and potential outcomes. (R. 506) Plaintiff also had increased post-traumatic stress caused by the current war. (R. 506) The next record state that plaintiff has "continued family stressors" and "continued somatic focus." (R. 498) Plaintiff was directed to contact counselors for follow-up treatment. (R. 498) The second, a telephone message dated April 3, 2003 by Dr. Tebbe, addressed unrelated issues. (R. 503) The next, dated October 8, 2003 and signed by Andrew J. Cook, Clinical Psychologist, indicates that plaintiff stated that "he needs to focus real hard to get out of the hole [he's] dug." (R. 495) Cook indicates that he directed plaintiff to work with others to "overcome barriers of lethargy and motivation." (R. 495) Among the prescribed treatment for plaintiff was for him to "discuss with pastor and schoolteacher the possibility of volunteer opportunities." (R. 495)

4

The next pages of plaintiff's records are a pain questionnaire from the UVA Medical Center dated October 13, 2003. (R. 490) In them, plaintiff states that there have been no recent changes in his health of which his doctor is unaware. (R. 490) A progress note for psychology treatment follows next, also dated October 13, 2003 and signed by Andrew J. Cook, Clinical Psychologist, which indicates plaintiff has had "a tough month" and prescribes grief counseling and a "cognitive restructuring regarding outlook." (R. 492) This said, the note indicates that plaintiff is "overall stable." (R. 492)

## ANALYSIS

### A. Legal Standard for Assessing Evidence Presented to Appeals Council.

The major issue present in this case is that plaintiff provided additional material to the Appeals Council that had not been before the ALJ. When a claimant seeks review by the Appeals Council, the Council first must either grant or deny review. If the Appeals Council denies review, the denial renders final the decision of the ALJ. It is the decision of the ALJ, and not the procedural decision of the Appeals Council to deny review, that is subject to judicial scrutiny. See 20 C.F.R. §§ 404.967-981, 416.1467-1481 (2004). The Appeals Council must consider evidence submitted to it when it is deciding whether to grant review, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Secretary, Dept. of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc). Evidence is new if it is not duplicative or cumulative. Id. at 96. Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. Where the Appeals Council considered the new evidence, but denied review, the Fourth Circuit requires that reviewing courts consider the record as a whole, including the new

evidence, in order to determine whether the decision of the ALJ is supported by substantial evidence. Id.

In Bryant v. Barnhart, No. 6:04-CV-00017, slip op. at 9, 2005 U.S. Dist. LEXIS 15516 (W.D. Va. Jan. 21, 2005), after a review of precedent on this subject, the undersigned recommended that when the Appeals Council fails to provide an explanation for its consideration of additional evidence, reviewing courts should determine whether the additional evidence creates a "conflict," is "contradictory," or "calls into doubt any decision grounded in the prior medical reports." Id. (internal citation omitted). If the new evidence creates conflict, is contradictory, or calls into doubt any decision grounded in prior medical reports, the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. If not, the case can be decided on the existing record without the necessity of a remand.

### B. Plaintiff's Regulatory Argument is Unavailing.

Nevertheless, plaintiff insists that the Appeals Council is required by Social Security regulations and rulings to explain its consideration of additional information provided to it after an ALJ's decision, but none of these arguments convinces the undersigned to stray from the Fourth Circuit's holding in Wilkins and the common sense approach employed in this district as set forth in the Bryant opinion. Plaintiff argues that Social Security regulations and rulings require the Appeals Council to explain how it treated medical opinion evidence received into the record following the hearing before the ALJ.[1]

---

[1] In this case, the new opinion evidence are two notes from Dr. Wilder dated June 2, 2003 and October 15, 2003. (R. 469-70)

6

1. **Neither 20 C.F.R. § 404.1527(d) Nor Social Security Ruling 96-5p Mandate Further Substantive Explanation from the Appeals Council.**

The language of 20 C.F.R. § 1527(f)(3) provides that:

> When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow.[2]

Considering this requirement in conjunction with 20 C.F.R. § 1527(d)(2), which states that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion,"[3] plaintiff argues that the Appeals Council is required to explain how it deals with any new opinions by a treating source.

Plaintiff's argument also draws on Social Security Ruling 96-5p, which states in relevant part that:

> [t]reating source opinions on issues reserved to the Commissioner will never be given controlling weight. However, the notice of the determination or decision must explain the consideration given to the treating source's opinion(s).

By its express wording, SSR 96-5p states that if the Commissioner (including the Appeals Council) makes a decision, then it "must explain the consideration given to the treating source's opinion." Id.; see also 20 C.F.R. § 402.35(b)(1) (providing that Social Security Rulings "are binding on all components of the Social Security Administration. These rulings represent

---

[2] This section is paralleled by 20 C.F.R. § 416.927(f)(3). This section is limited to the evaluation of opinion evidence. See id.

[3] "Determination" and "decision" are defined in 20 C.F.R. § 404.901 as

> Decision means the decision made by an administrative law judge or the Appeals Council. Determination means the initial determination or the reconsidered determination.

7

precedent final opinions and orders and statements of policy and interpretations that [the SSA] has adopted."). Plaintiff contends that the Commissioner violated SSR 96-5p through providing only a boilerplate response to the additional notes provided by Dr. Wilder.

For her part, the Commissioner asserts that the Appeals Council is not required to provide a detailed substantive explanation of its consideration of the supplemental evidence because the Appeals Council made no "decision," (Def. May 24, 2005 Letter Brief at 1), and that it is clear that the Appeals Council only makes a "decision" when it "must evaluate evidence and do what an ALJ has to do." Instead, the Commissioner argues that the Notice of Appeals Council Action denying review is not a "decision" requiring further explanation as the ALJ's decision remains "the final decision of the Commissioner of Social Security in [plaintiff's] case." (See R. 7) The Commissioner acknowledges that the Appeals Council can make decisions, but it does so only after granting review which did not occur in this case.

Plaintiff responds to this argument through recourse to the regulations and dictionary definitions of the word "decision." 20 C.F.R. § 404.901 states that "[d]ecision means the decision made by the administrative law judge or the Appeals Council."

Black's Law Dictionary defines "decision" as:

> [a] determination arrived at after consideration of facts, and, in legal context, law. A popular, rather than technical or legal word; a comprehensive term having no legal meaning. It may be employed as referring to ministerial acts as well as to those that are judicial or of a judicial character.

Building on this definition, plaintiff asserts that the Appeals Council's "Action" of June 9, 2004 was a "decision" affecting significant legal rights of plaintiff using "every common sense meaning" of the word "definition." (Pl.'s June 6, 2005 Letter at 3.)

8

Plaintiff's argument as to the meaning of "decision" is incorrect. It is well established under the law that agencies have the inherent right to determine the meaning of their own regulations. See Auer v. Robbins, 519 U.S. 452, 461 (1997) (holding that an agency's interpretation of its own regulation is entitled to deference in situations where the language of the regulation is ambiguous). Here, the word "decision" – even by the definition hand-selected by plaintiff – is "a comprehensive term having no legal meaning." The Agency has consistently stated that the denial of Appeals Council review is not a decision. See 20 C.F.R. §§ 404.1520a(d)(2); 404.1520a(e); 404.1546(c); 416.920a(d)(2); 416.920a(e); 416.946(c); Acquiescence Ruling (AR) 04-1(9); 68 Fed. Reg. 51,153 (2003); 66 Fed. Reg. 5494 (2001); 65 Fed. Reg. 54,747 (2000).

Further, plaintiff's argument misapprehends the role of the Appeals Council under the Social Security regulations and ignores regulations directly applicable to this issue. 20 C.F.R. §§ 404.981 and 416.1481 provide that the Appeals Council

> may deny a party's request for review **or** it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised.

(Emphasis added) In this case, as in many others, the Appeals Council considered the record, including the supplemental evidence, and issued a Notice of Appeals Council Action denying review of the ALJ's decision. Under the Social Security regulations, this is not a "decision" requiring detailed analysis of the supplemental information. Plaintiff's argument is pegged on the erroneous assumption that the Appeals Council, by accepting and not returning the supplemental evidence, implicitly morphs its administrative processes from consideration of a

9

request for review to a decision on the merits of the review itself. Not unlike a court considering a petition for writ of error or certiorari, the former process serves a screening function, while the latter constitutes a substantive decision on the merits. No one can credibly suggest that the Supreme Court of Virginia or the United States must issue written opinions on each denial of a writ. Nor does the regulatory framework require the Commissioner of Social Security to do so in this case. 20 C.F.R. §§ 404.981 and 416.1481 make abundantly clear the difference between the Appeal's Council's action in denying a request for review and a decision by the Appeals Council following review.

The regulations provide that "[t]he Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied," is the binding decision from which an action in federal court may lie. There is, in short, a meaningful administrative difference between a Notice of Appeals Council Action denying review of an ALJ's decision and a Decision by the Appeals Council following review, a difference which is not blurred by the acceptance by the Appeals Council of supplemental evidence. Indeed, 20 C.F.R. §§ 404.970(b) and 404.1470(b) contemplate that the Appeals Council "shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings or conclusion is contrary to the weight of the evidence currently of record." Simply because the Appeals Council accepts the supplemental information for the purpose of deciding whether to review a given case does not change that threshold action into a decision on the merits by the Appeals Council following review requiring the sort of explanation sought by plaintiff. In short, plaintiff's argument erroneously blurs the salient

10

distinction between the Appeals Council's denial or dismissal of a request for review and a decision by the Appeals Council following the grant of request for review. See 20 C.F.R. §§ 404.967 and 404.1467.[4]

### C. Plaintiff's Supplemental Evidence Does Not Warrant A Remand.

Consideration of the supplemental evidence submitted by plaintiff to the Appeals Council does not necessitate a remand in this case. Both of Dr. Wilder's prescription pad notes state that plaintiff was disabled and would remain so for more than a year. (R. 471-73) Plaintiff particularly notes that these notes are directly at odds with the statements that the ALJ relied on in his initial decision where he accorded "great weight" to the testimony of Dr. Wilder, plaintiff's treating physician, who earlier had assessed plaintiff as having a sedentary level of capacity. (R. 30, 311)

The Commissioner responds to plaintiff's assertion regarding these notes and the supplemental medical records by stating that a careful review of plaintiff's treatment notes indicates that plaintiff's back condition has been stable for several years with no additional change in his level of functioning. The Commissioner notes that under the regulations, the ALJ is not required to accept the opinion of a treating source when that opinion is given on an issue reserved to the Commissioner, see 20 C.F.R. §§ 404.1527(e), 416.927(e), or when that opinion is

---

[4] In reaching this decision, the undersigned is mindful of the Fourth Circuit's decision in Thomas v. Commissioner, 24 Fed. Appx. 158, 162, 2001 WL 1602103 (4th Cir. 2001), and of a Maryland district court in Scott v. Barnhart, 332 F. Supp. 2d 869 (D. Md. 2004), where each court found that the supplemental evidence submitted in those cases warranted a remand. In Thomas, the supplemental evidence consisted of medical reports and lab work from four separate visits by claimant to her treating physician, and in Scott, the additional evidence consisted of clinical observations from the treating physician and a revised GAF score.

11

inconsistent with other evidence or not well-supported, see 20 C.F.R. §§ 404.1527(d)(3), (4); 416.927(d)(3), (4).

The new evidence, viewed as a whole, favors the position advocated by the Commissioner. Plaintiff's medical condition has not significantly changed from the time of the ALJ's decision. Insofar as it has, plaintiff's remedy is to file a new application. Dr. Wilder's two handwritten notes are devoid of any explanation or comment reflecting clinical observation or medical testing. Nothing in these abbreviated notes provides the clinical basis for the change in Dr. Wilder's earlier opinion that plaintiff could perform sedentary work. (R. 311) Moreover, the supplemental medical records describe plaintiff's back symptoms as being stable or unchanged, (R. 471-73, 484), which does nothing to explain the two Dr. Wilder notes. The regulations provide that a treating physician's opinion is entitled to controlling weight only where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see also Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight").

When read in conjunction with a review of the remainder of the medical evidence in this case, the unexplained assessment contained on Dr. Wilder's prescription pad notes appears unsupported. Additionally, the Commissioner is entitled to reject the treating source opinion when it appears the treating physician is "leaning over backwards to support the application for disability benefits." See Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985) (citing Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982)). Dr. Wilder's conclusion that plaintiff is disabled

12

as reflected in the new prescription pad notes is inconsistent with his own earlier assessment that plaintiff could do sedentary work. No explanation fo the change in positions is apparent in the record nor are these notes supported by clinical observation of medical tests explaining the change in position. Further, these terse notes, stating only that plaintiff is disabled, are opinions reserved to the Commissioner. As such, they are not "material" under Wilkins analysis because there is no "reasonable probability" that they would change the outcome of the ALJ's decision. As such, it is the recommendation of the undersigned that defendant's motion for summary judgment be granted.

While a remand to consider supplemental evidence is necessary in certain cases, the facts of this case simply do not support such a remand.[5] In any event, even if the action of the Appeals Council technically were a decision requiring further explanation, a remand is not warranted in cases where there is no chance the supplemental evidence could have changed the outcome of the Commissioner's decision. Wilkins v. Secretary, Department of Health & Human Services, 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc). Where the Appeals Council considered the new evidence, but denied review, the Fourth Circuit requires that reviewing courts consider the record as a whole, including the new evidence, in order to determine whether the decision of the ALJ is supported by substantial evidence. Id. "Material" in the context of Wilkins means the

---

[5] To the extent that plaintiff reads the Maryland district court decision in Scott to suggest that the mere incorporation of supplemental information into the record by the Appeals Council requires the Appeals Council to explain the weight and effect of any such evidence, the undersigned disagrees. Such a notion misapprehends the distinct tasks undertaken by the Appeals Council on the one hand in considering whether to grant or deny review and on the other hand in deciding a case on the merits once review has been granted. While the regulations require explanation of the latter decision, no detailed explanation is required when the Appeals Council merely acts to deny review.

new evidence has a "reasonable probability" that the new evidence would have changed the outcome. Id. at 96. Here, as it is manifestly clear that Dr. Wilder's unexplained prescription pad notes would not change the Commissioner's decision in this case, the notes are not "material" under Wilkins. To require the Appeals Council to make detailed findings in each case about evidence that is not material needlessly elevates form over substance and imposes a burden on the Appeals Council inconsistent with the regulatory framework and the Fourth Circuit's ruling in Wilkins. In other words, where it is clear that the failure of the Appeals Council to provide a detailed explanation of its consideration of the supplemental evidence has not adversely affected the substance of the decision, it would be inappropriate to remand the case to the Commissioner for further review.

## CONCLUSION

For the reasons outlined above, it is the recommendation of the undersigned that the Commissioner's motion for summary judgment be granted. The Clerk is directed immediately to transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(c) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to plaintiff and all counsel of record.

Enter this __19th__ day of August, 2005.

                                                     Michael F. Urbanski
                                                   United States Magistrate Judge